70

**Shehzad John**
**Fed. Reg# 91045-054**
**FCI-Morgantown**
**P.O. Box 1000**
**Morgantown, WV. 26507**
**(304)296-4416**

*MEMO ENDORSED*

6/22/20

The Court makes no recommendation as to defendant's place of confinement.

Colleen McMahon

Date: January 20, 2020

U.S. District Court
Office of the Clerk
500 Pearl Street, Room 120
New York, NY. 10007-1312

RE:  Case No.:  15 CR 208 (CM) - Immediate Filing Enclosed

Dear Clerk:

Please find enclosed for immediate filing Defendant's Motion in Request and in Support of Recommendation of Twelve (12) Months RRC Placement/Halfway House. I've also enclosed an additional page '1' of the motion and request that you file stamp and return mail it to me.  For your convenience I've enclosed a postage paid self-addressed envelope for mailing.  Please be so kind as to electronically serve a copy of this motion to the AUSA's Office.

Thank you in advance for your anticipated cooperation in this matter.  I look forward to your timely response.

Respectfully,

Shehzad John #91045-054



U.S. DISTRICT COURT
FILED
JAN 27 2020
S.D. OF N.Y.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Motion in Request and in Support of Judicial Recommendation |
| V. | ) | |
| | ) | |
| SHEHZAD JOHN, | ) | Case No.: 15 CR 208 (CM) |
| Defendant. | ) | |
| | ) | Honorable Judge McMahon |
| | ) | |

## Motion in Request and in Support of Judicial Recommendation of Twelve (12) Months RRC Placement/Halfway House

**NOW COMES,** Defendant Shehzad John, appearing Pro-Se, on this 20th day of January, 2020, hereby filing this Motion in Request and in Support of Recommendation of Twelve (12) Months RRC Placement, requesting a Judicial Recommendation on this Honorable Court; Recommending that the Federal Bureau of Prisons (B.O.P.) place Defendant into RRC placement for a period of twelve (12) months prior to Defendant's Good Time Credit release date.

### Procedural Background

1) Defendant Shehzad John is currently a federal inmate in the care and custody of the Bureau of Prisons (B.O.P.), currently designated and housed at FCI-Morgantown, a minimum security facility located in Morgantown, West Virginia.

2) Defendant John was sentenced on August 1, 2016 by this Honorable Court, in which he received a seventy-one (71) month period of incarceration for violations of Title 50 United States Code §1705 (A)&(C) along with 15 CFR 736.2, 742.17, 764.2 &774.

3) At the Sentencing Hearing, Defendant's counsel neglected to request a Judicial Recommendation in the original Judgement and Commitment (J and C) for up to

(1)

twelve (12) months of RRC placement.  Thus, rather than attempt to exercise any other remedies (such as a Petition under 28 U.S.C. §2255) and waste judicial resources, Defendant now seeks this requested recommendation.

4) District courts have also found Post-Sentencing Judicial Recommendation allowable.  Further, said Courts have found these recommendations do not run afoul of "Rule of Finality" embroiled in Rule 35 of the Federal Rules of Criminal Procedure,  because these types of recommendations do not change or modify the adjudged length of the sentence, **only** the location of where said sentence should be executed – That being in RRC custody and/or Home Confinement setting.  See:  **United States v. Bartels,** 2016 U.S. Dist. LEXIS 164056 (E.D. Mich.); **United States v. Brattin,** 2016 U.S. Dist. LEXIS 112222 (D. Nev. 2016); **United States v. Palacios,** 2007 U.S. Dist. LEXIS 65644 (S.D. Cal. 2007) and **United States v. Booker** 2018 U.S. Dist. LEXIS 82485 (D. Minn. 2018).

## Defendant Should Receive Recommendation

1) Defendant John is suffering immensely from his incarceration at FCI-Morgantown, a facility located over 300 miles from his home in Columbus, Ohio.

2) Upon Defendants release from FCI-Morgantown Defendant has a home to return to located  at 207 Border Street, Columbus, Ohio 43207.

3) Due to the distance between Defendant's home and his current institution coupled with the expenses required to come to the institution he has had to experience a lack of visitation from his family.  Not only has these lack of visitation been hard on Defendant, but has also been hard on his childred and wife.

4) Pursuant to the **"First Step Act of 2018" (S.756)**, and it's reauthorization of the **"Second Chance Act of 2007"**, the B.O.P. may place Defendant into an

RRC/Halfway House up to twelve (12) months prior to his projected GTC (Good Time Credit) release date of October 29, 2021, if it is determined that such RRC placement would be of "Sufficient Duration to provide the greatest likelihood of successful reintegration into the community." (See: **18 U.S.C. §3624 (c)(6)**.

5) The express criteria that the B.O.P. is to consider in assessing an individual applicant's eligibility for up to twelve (12) months of RRC/Halfway House placement includes; Any statements made by the Sentencing Court concerning the purposes that warranted a sentence to imprisonment and recommending the type of correctional facility that would be appropriate. (See: **18 U.S.C. §3621(b)(4)(A and B)**. Any RRC/Halfway House is a correctional facility with superior transitional programs to help inmates rebuild their ties to the community and to their family.

6) Defendant John's current Good Time Credit projected release date is October 29, 2021, and a Judicial Recommendation for this RRC/Halfway House placement of twelve (12) months will not inherently affect this release date.

7) **Title 18 U.S.C. §3582(c)** provides that a "Court may not modify a term of imprisonment once it has been imposed except in very limited circumstances" and Shehzad John is **not** requesting this Honorable Court to modify this sentence. He is asking the Court to simply recommend changing the place of incarceration of the sentence to the Columbus, Ohio Residential Re-Entry Center (RRC) per the **"First Step Act of 2018"** and the **"Second Chance Act of 2007"**.

8) Defendant is a mature forty-   ´(  ) years old, and had availed himself every opportunity available to him at FCI-Morgantown as well as his previous institutions to be reformed, rehabilitated, and to re-enter society as a law-abiding citizen. Defendant John has or is completing: **(a)** Floor, Tile, Hardwood class **(b)** Woodworking class, **(c)** Landscaping, and **(d)** Master Gardener

(3)

classes (See:   **Exhibit A - Transcript/Program Review**).

9)  According to the B.O.P.'s **"Revised Guidance for Residential Re-Entry Center (RRC) Placements"**, RRC placement decisions "Are to focus on RRC placement as a mechanism to reduce recidivism."  Defendant states that his record of addictive behavior, the nature of his offense, and his strained family relationships certainly attest to his needs for community-based rehabilitation.

10) Defendant's primary emotional support for successfully reintegrating into the community and avoiding relapse of his previous life will without certain, come from his family.  RRC placement for twelve (12) months will afford Defendant a strong and realistic opportunity for his family to reunify and to delegate full support to his reintegration.

11) Defendant has abandoned the criminal financial means that landed him in the position of being a federal prisoner.  Because of this fact and the importance of viable employment being a major key to success over recidivism; Defendant is in significant need of this maximum RRC placement in order to pursue new job/career paths that allow him to be self-sustaining and a provider to his family.  This is also important in order to break Defendant's family's current dependence on public and private assistance to meet **basic** living expenses. Placement in an RRC/Halfway House will afford Defendant John to seek full-time employment for supporting his family and their health and well-being.

12) The rehabilitative programming during Shehzad John's incarceration at FCI-Morgantown has been limited, and what programs are available to Defendant have been completed by him.  Placement in RRC/Halfway House for twelve (12) months will allow far more rehabilitative programs and opportunities for him to address and correct any risk of recidivism.

13) Defendant John has expressed exceptional remorse and contrition regarding the commission of his offense, and Defendant absolutely has accepted

responsibility for his actions.  Defendant has taken significant steps toward repairing the behavior(s) that led to the offense(s).  Defendant has enrolled and completed multiple educational and self-improvement courses/programming in order to improve himself and voluntarily participate in his rehabilitation. Such classes include:  **(a)** Conversational Spanish I and II, **(b)** Keyboarding Class, **(c)** Early 20th Century History, and **(d)** Natural Disasters Class. (See:  **Exhibit A — Transcript and Program Review**).

14) With tools learned throughout his rehabilitative prison sentence, Defendant John has made significant strides toward being a better man and law-abiding citizen.  Defendant believes whole-heartedly that he will not disappoint the Court if given this chance to allow him to spend the final twelve (12) months of his adjudged sentence in an RRC seeting.

**WHEREFORE,** Defendant Shehzad John hereby respectfully and humbly requests:

1) This Honorable Court grant Defendant an order of Judicial Recommendation for Twelve (12) Months RRC Placement; and

2) Any and all other relief this Honorable Court deems proper and just.

Respectfully Submitted,

DATED: January 20, 2020

Shehzad John #91045-054
Defendant/Pro-Se

## Certificate of Service

I **HEREBY CERTIFY** under penalties of perjury pursuant to 28 U.S.C. §1746 that the Defendants Motion in Request and in Support of Recommendation of Twelve (12) Months RRC Placement/Halfway House is true and correct with proper postage affixed for mailing via United States Postal Services regular mail, to United States District Court, Office of the Clerk, 500 Pearl Street, Room 120, New York, New York 10007-1312. Defendant request that the Clerk electronically serve a copy of this motion to the AUSA's Office.

DATED: January 20, 2020

Shehzad John #91045-054
FCI-Morgantown
P.O. Box 1000
Morgantown, WV. 26507-1000
(304)296-4416
Defendant/Pro-Se

# Cooperative Extension Service

## University of Kentucky/Kentucky State University

_having completed course requirements and having performed volunteer service, is hereby awarded this Certificate of Achievement and the Title of_

## John Shehzad

# Kentucky Extension Master Gardener

November 14, 2017

County Master Gardener Coordinator

State Master Gardener Coordinator



*Certificate of*

# COMPLETION

to

## John Shehzad

for successfully completing the requirements of
Natural Disasters

Education Department
Ashland, Kentucky

January 26, 2017

B. Wirley
Camp ACE Coordinator



*Certificate of*

# COMPLETION

to

## John Shehzad

for successfully completing the requirements of
Spanish II

Education Department
Ashland, Kentucky

March 28, 2017

B. Whitt
Camp ACE Coordinator



*Certificate of*

# COMPLETION

to

## Shehzad John

for successfully completing the requirements of
Spanish I

Education Department
Ashland, Kentucky

December 6, 2016

B. Witty
Camp ACE Coordinator



*Certificate of*

# COMPLETION

to

## Shehzad John

for successfully completing the requirements of

Touch Typing

Education Department
Ashland, Kentucky

January 4, 2017

B. Whitney
Camp ACE Coordinator



**FCICA**

*FIT Certificate of Completion*

FCICA presents this certificate to:

**Shehzad John**

*For completion of:*

**Carpet, Resilient & Tile**

Gregg Gainey

*Instructor/Trainer*

**01/28/2019**

*Date*

Floorcovering Installation Training





# ACE

# SPACE TRAVEL I

THIS CERTIFIES THAT

# SHEHZAD JOHN

HAS SUCCESSFULLY COMPLETED THE REQUIRED COURSE OF STUDY APPROVED BY THE
SUPERVISOR OF EDUCATION AT FCI MORGANTOWN, AND IS THEREFORE AWARDED THIS

**CERTIFICATE OF COMPLETION**

**GIVEN DECEMBER OF 2019**



ADULT CONTINUING EDUCATION/PARENTING
COORDINATOR







# ACE PERSONAL FINANCE

THIS CERTIFIES THAT

## SHEHZAD JOHN

HAS SUCCESSFULLY COMPLETED THE REQUIRED COURSE OF STUDY APPROVED BY THE SUPERVISOR OF EDUCATION AT FCI MORGANTOWN, AND IS THEREFORE AWARDED THIS

**CERTIFICATE OF COMPLETION**

**GIVEN DECEMBER OF 2019**



ADULT CONTINUING EDUCATION/PARENTING COORDINATOR



# CERTIFICATE OF COMPLETION

**AWARDED TO:**

## Shehzod John

**ID#** 91045-054

**For Completing the Requirements of the FCI Morgantown's Recreation Department:**

## Dental Health

10/22/2019 – 12/20/2019

S. McClelland, Wellness Coordinator

# CERTIFICATE OF COMPLETION

**AWARDED TO:**

## Shehzod John

**ID#** 91045-054

For Completing the Requirements of the FCI Morgantown's
Recreation Department:

**Anatomy**   10/22/2019 – 12/20/2019

S. McClelland, Wellness Coordinator

# Certificate of Completion

This is to certify

## JOHN, SHEHZAD

### 91045-054

## Completed Drug Education

at the

Federal Correctional Institution, Morgantown, WV

on August 30, 2019.

S. Land
Drug Treatment Specialist



# CERTIFICATE OF COMPLETION

AWARDED TO:

## Shehzad John

For Completing the Requirements of the FCI Morgantown's Recreation Department's:

### Crochet

*J. Rinck*

J. Rinck, Recreation Specialist

# CERTIFICATE OF COMPLETION

**AWARDED TO:**

## Shehzod John

**ID#** 91045-054

**For Completing the Requirements of the FCI Morgantown's Recreation Department:**

**Get Fit II**   10/22/2019 – 12/20/2019

S. McClelland, Wellness Coordinator

# CERTIFICATE OF COMPLETION

**AWARDED TO:**

## Shelzod John

**ID#**   91045-054

**For Completing the Requirements of the FCI Morgantown's Recreation Department:**

## Get Fit I   7/22/2019 – 9/26/2019

S. McClelland, Wellness Coordinator